# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
### FAYETTEVILLE DIVISION

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
OCT 2 1 2016
DOUGLAS F. YOUNG, Clerk
By
Deputy Clerk

DELLA GOINS, Individually and as the ADMINISTRATOR OF THE ESTATE OF STEPHEN RAY GOINS, DECEASED

**PLAINTIFF**

V.                    CASE NO. 16-5301 TLB

GREGORY J. OAKHILL, M.D.; GREGORY J. OAKHILL, M.D., P.A.; HIGHLANDS ONCOLOGY GROUP, P.A.; UNITED STATES OF AMERICA, Individually and as the Owner and/or Operator of the VETERANS HEALTH CARE SYSTEM OF THE OZARKS a/k/a VETERANS AFFAIRS MEDICAL CENTER (VAMC) located in Fayetteville, Arkansas and the CENTRAL ARKANSAS VETERANS HOSPITAL SYSTEM (CAVHS) located in Little Rock, Arkansas; JOHN DOES 1-50, said designation representing the appropriate individuals, partnerships, and corporate entity(ies) and/or other appropriate or proper legal entities that employed any named Defendant herein from March 1, 2011 through October 25, 2013; JOHN DOES 51-100, said designation representing any additional or alternative liability insurance carrier(s) for any named Defendant and/or any entity that raises Charitable Immunity and the evolving law mandates a direct action, or any other defense or immunity to a direct action, or any entity the Plaintiff is prohibited from suing and/or that is immune to a direct action; JOHN DOES 101-150, said designation representing those individuals and/or entities providing medical, nursing or health care to the Decedent from March 1, 2011 up to and through October 25, 2013, who failed to possess and/or apply the degree of skill and learning ordinarily possessed and used by members of their profession in good standing, engaged in the same type of service or specialty in the locality they practiced or a similar locality while rendering said service to the Plaintiff, and/or their employees, agents and employers; and the Estate of any Defendant who predeceases service of the

***Complaint***, and/or the insurance carrier for the Defendant and/or entity if a direct action is allowed, required or proper pursuant to applicable law; JOHN DOES 151-200, said designation representing all general partners, individuals, corporations and/or other appropriate entities having an interest subjecting them/it to liability as a separate judicial entity for the acts of negligence and/or fault, breaches of warranty and/or contract alleged herein; and JOHN DOES 201-250, said designation representing any management corporation/ company, or any other entity which entered into a contractual relationship whose purpose was to oversee, manage, or administrate any Defendant in order to foster, obtain or secure better patient care; and JOHN DOES 251-300, said designation representing all entities who contracted with any named Defendant to recruit, recommend, offer, credential, and/or place Separate Defendant Gregory J. Oakhill, M.D. at the VAMC and/or CAVHS to provide medical, diagnostic and health care to Decedent from March 1, 2011 up to and through October 25, 2013.

**DEFENDANTS**

## PLAINTIFF'S COMPLAINT

COMES NOW Della Goins, Individually and as Administrator of the Estate of Stephen Ray Goins, Deceased and files this *Original Complaint* against the Defendants identified and set forth hereinabove.  In support thereof, the Plaintiff respectfully states as follows:

### I.

### PLAINTIFFS

1.     Stephen Ray Goins, Deceased, died at his residence on September 2, 2014. Stephen was a loving, caring, hard-working, and dedicated husband, father and son.  At the time of his death, Stephen was only 53 years old.

2.      Plaintiff, Della Goins, is the wife and duly appointed Administrator of the Estate of Stephen Ray Goins, Deceased.   Stephen was a resident of Cleburn County, Arkansas at the time of his death, and at all times pertinent hereto.  All acts of negligence complained of herein occurred in Washington County, Arkansas.  Attached hereto as *Exhibit A* is a copy of the *Order* appointing Della Goins as Administrator of the Estate of Stephen Ray Goins, Deceased.  Attached hereto as *Exhibit B* is a copy of the *Letters of Administration* authorizing Della Goins to act on behalf of the Estate of Stephen Ray Goins, Deceased.  Attached hereto as *Exhibit C* is the Administrator's *Acceptance of Appointment as Administrator*.  This Court has personal jurisdiction over the parties and subject matter herein.  The documents attached hereto as *Exhibits A-C* are incorporated herein, by reference, as if stated word for word, pursuant to Rule 10(c) of the Federal Rules of Civil Procedure.

3.      In the event the Plaintiff's designation as the Court appointed Administrator of the Estate of Stephen Ray Goins, Deceased, is ever challenged or vitiated, this matter shall be continued by the heirs at law and statutorily defined beneficiaries of the Estate of Stephen Ray Goins, Deceased in accordance with Ark. Code Ann §16-62-102, *et seq*. These individuals are, in their entirety, listed as follows:  Jeremy Ray Goins, age 33, is the son of Stephen Ray Goins; Michael Goins, age 25, is the son of Stephen Ray Goins, Darrell Goins, age 79, is the father of Stephen Ray Goins, Mary Goins, age 78, is the mother of Stephen Ray Goins, Bryan Goins, age 55, is the brother of Stephen Ray Goins, Keith Goins, age 50, is the brother of Stephen Ray Goins, and Gary Goins, age 48, is the brother of Stephen Ray Goins.

## II.

## DEFENDANTS

4.     The Plaintiff incorporates the preceding paragraphs as if they were fully set forth herein.

5.     Defendant Gregory J. Oakhill, M.D. is a licensed medical doctor and oncologist, residing and practicing medicine in Fayetteville, Washington County, Arkansas, and may be personally served with summons at 3232 N. North Hills Blvd., Fayetteville, AR 72703.

6.     Defendant, Gregory J. Oakhill, M.D., P.A., upon information and belief is an Arkansas corporation filed under the Domestic Business and Medical Corporation Act 179 of 1961, with its principle place of business located in Fayetteville, Washington County, Arkansas.  It is alleged in good faith that Gregory J Oakhill, M.D., P.A. has been the/an employer of Gregory J. Oakhill, M.D., P.A., and may be served with summons by serving Gregory J. Oakhill, M.D., at 3232 N. North Hills Blvd., Fayetteville, AR 72703.

7.     At all times material hereto, Gregory J. Oakhill, M.D. was acting, not only in his individual capacity, but also as an agent, representative and/or employee of Gregory J. Oakhill, M.D., P.A. and acting within the scope of such agency/employment. Under the doctrines of agency and *respondeat superior*, Gregory J. Oakhill, M.D. and Gregory J. Oakhill, M.D., P.A. are jointly and severally liable for the acts and omissions of Gregory J. Oakhill, M.D.

8.     Defendant, Highlands Oncology Group, P.A. is a Professional Association operating in Fayetteville, Washington County, Arkansas, and may be served with a

summons by serving its registered agent for service of process, Kathey Rhoads, at its principal place of business at 3232 N. North Hills Blvd., Fayetteville, AR 72703.

9.      At all times material hereto, Gregory J. Oakhill, M.D. was acting, not only in his individual capacity, but also as an agent, representative and/or employee of Highlands Oncology Group, P.A. and acting within the scope of such agency/employment. Under the doctrines of agency and *respondeat superior*, Dr. Oakhill and Highlands Oncology Group, P.A. are jointly and severally liable for the acts and omissions of Dr. Oakhill.

10.     Defendant, United States of America (USA), through the Veterans Administration (VA), owns and operates the Veterans Health Care System of the Ozarks a/k/a Veterans Affairs Medical Center (VAMC) located in Fayetteville, Arkansas and the Central Arkansas Veterans Hospital System (CAVHS) located in Little Rock, Arkansas wherein all the allegations of fault and/or negligence alleged herein occurred.

11.     At all times material hereto, Gregory J. Oakhill, M.D. and the medical, nursing and health care staff who provided care and treatment to the Decedent were acting, not only in their respective individual capacities, but also as agents, representatives and/or employees of the VAMC and acting within the scope of such agency/employment. Under the doctrines of agency and *respondeat superior*, Dr. Oakhill, these medical, nursing and healthcare staff and the USA and/or VA are jointly and severally liable for the acts and omissions of Dr. Oakhill and the medical, nursing and healthcare staff.

## III.

## JOHN DOE DEFENDANTS

12.     The Plaintiff incorporates the preceding paragraphs as if they were fully set forth herein.

13.     JOHN DOES 1-50 is a designation representing the appropriate individuals, partnerships, and corporate entity(ies) and/or other appropriate or proper legal entities that employed any named Defendant herein from March 1, 2011 through October 25, 2013.

14.     JOHN DOES 51-100 is a designation representing any additional or alternative liability insurance carrier(s) for any named Defendant and/or any entity that raises Charitable Immunity and the evolving law mandates a direct action, or any other defense or immunity to a direct action, or any entity the Plaintiff is prohibited from suing and/or that is immune to a direct action.

15.     JOHN DOES 101-150 is a designation representing those individuals and/or entities providing medical, nursing or health care to the Decedent from March 1, 2011 up to and through October 25, 2013, who failed to possess and/or apply the degree of skill and learning ordinarily possessed and used by members of their profession in good standing, engaged in the same type of service or specialty in the locality they practiced or a similar locality while rendering said service to the Plaintiff, and/or their employees, agents and employers; and the Estate of any Defendant who predeceases service of the Complaint, and/or the insurance carrier for the Defendant and/or entity if a direct action is allowed, required or proper pursuant to applicable law.

16.     JOHN DOES 151-200 is a designation representing all general partners, individuals, corporations and/or other appropriate entities having an interest subjecting them/it to liability as a separate judicial entity for the acts of negligence and/or fault, breaches of warranty and/or contract alleged herein.

17.     JOHN DOES 201-250 is a designation representing any management corporation/ company, or any other entity which entered into a contractual relationship whose purpose was to oversee, manage, or administrate any Defendant in order to foster, obtain or secure better patient care.

18.     JOHN DOES 251-300 is a designation representing all entities who contracted with any named Defendant to recruit, recommend, offer, credential, and/or place Separate Defendant Gregory J. Oakhill, M.D. at the VAMC and/or CAVHS to provide medical, diagnostic and health care to Decedent from March 1, 2011 up to and through October 25, 2013.

19.     Attached hereto as ***Exhibit D*** is an *Affidavit* filed in accordance with Ark. Code Ann. §16-56-125.   The Plaintiff will amend her Complaint, if necessary, to specifically name the proper individual Defendants as they are further identified.

## IV.

## PRIOR HISTORY, JURISDICTION AND VENUE

20.     The Plaintiff's first Complaint against Separate Defendants Gregory J. Oakhill, M.D., Gregory J. Oakhill, M.D., P.A. and Highlands Oncology Group, P.A. was originally filed in State Court on October 23, 2015 and subsequently dismissed, without prejudice on October 20, 2016 pursuant to Rule 41(a)(1) of the Arkansas Rules of Civil

Procedure, with the right to re-file this action within one (1) year of the date the Order is entered granting the dismissal specifically preserved.

21. The Plaintiff filed a Federal Administrative Tort Claim on behalf of herself and Stephen Ray Goins, Deceased, with Office of General Counsel for the Arkansas Department of Veterans Affairs on October 23, 2015. A copy of both documents, in their redacted form, are attached hereto as ***Exhibits E*** (with attachments) and ***F*** (without attachments), and incorporated herein by reference, as if stated word for word pursuant to Rule 10(c) of the *Federal Rules of Civil Procedure*. Affixed to the Standard Form 95 for each Administrative Claim are the pertinent medical records, the Plaintiff's Letter Report from Kenneth Pennington, M.D. and the medical bills incurred by the Decedent as a result of the Defendants' negligence.

22. The Plaintiff states that over six (6) months has passed since she has filed these Administrative Claims; therefore, said claims were denied by operation of law.

23. The Plaintiff brings this cause of action under the provisions of 28 U.S.C. §2671, and Amendments thereto, commonly known as the Federal Tort Claim Act (FTCA). This Court has jurisdiction over these proceedings, and venue herein is proper, in accordance with 28 U.S.C. §1346(b)(1), §1402(b), §2401(b) and §2671-§2679, pursuant to the Federal Court Claims Act and pursuant to 28 U.S.C. §1367.

## V.

## FACTS

24. Stephen Ray Goins served and was honorably discharged from the United States Army. As such, he received the majority of his medical care and treatment from

the Veterans Administration (VA).  Gregory J. Oakhill, M.D. was a contract oncologist with the Veterans Health Care System of the Ozarks a/k/a Veterans Affairs Medical Center ("VAMC" hereinafter), located in Fayetteville, Arkansas.

25.     Stephen Ray Goins was seen by Lisa Lessley, RN at the VAMC for a yearly exam on July 16, 2010.  Nurse Lessley recorded that "sometimes when [Mr. Goins] eats-feels like things get stuck".  This is a significant complaint and should have triggered further studies such as a barium swallow.  However, no such study was considered, ordered or performed.

26.     Stephen Goins' symptoms persisted and worsened, prompting a esophagogastroduodenoscopy or EGD on February 25, 2011 that revealed a large adenocarcinoma in the lower esophagus.  This adenocarcinoma was detected 7 months after Stephen Goins first reported that he was experiencing difficulty swallowing.  This interval of 7 months allowed the cancer to further infiltrate the wall of the esophagus leading to a more advanced disease state which lessened his chance for cure.

27.     Stephen Goins was only 50 years old when diagnosed with esophageal cancer in March of 2011.

28.     Stephen Goins had a resection of his esophagus at CAVHS by Aytekin Ozmerir, MD on April 4, 2011.  The final pathological stage was IIB, R1.  That means the cancer had invaded through the wall of the esophagus and there was microscopic involvement of the specimen.

29.     In such a situation, the chance of a local recurrence is higher, so both chemotherapy and radiation, either before or after surgery, are the standard of care.

30.     On May 11, 2011, Dr. Aytekin Ozmerir notes that Mr. Goins was to be referred to oncology for adjuvant treatment after which time, on June 1, 2011, he was then seen at the VAMC by Separate Defendant Dr. Gregory Oakhill.

31.     There is a brief note from Dr. Oakhill in Mr. Goins' medical records that states, "I discussed the limited information of post op chemotherapy.  He opted for observation".

32.     As Dr. Pennington points out in his expert report, attached as *Exhibit C* to the Standard Form 95s, there is no mention from Dr. Oakhill of the stage, no mention of the path report or no mention of improved survival for patients with his stage of disease treated with radiation and chemotherapy as demonstrated by the US Intergroup study INT-0116 which was published in the New England Journal of Medicine in 2001.  In fact, throughout Mr. Goins' medical records, there are notes stating that chemotherapy and radiation are not indicated for Mr. Goins.

33.     Stephen Ray Goins had recurrent symptoms of dysphagia not long after his surgery and eventually recurrence was documented by endoscopy and CT scan. Specifically, on October 23, 2013, an EGD was performed on Mr. Goins and several biopsies were taken.  On October 25, 2013, Stephen and Della Goins were notified by telephone that the biopsies taken on October 23, 2013 tested positive for esophageal cancer.

34.     Stephen Goins received a letter from Robert A. Skinner, M.D. at the VAMC, dated October 28, 2013, wherein Dr. Skinner informs him that his biopsy results represent a reoccurrence of the adenocarcinoma of the esophagus at the anastomotic site,

following surgical resection at the CAVHS in 05/2011.

35.     On November 13, 2013, an MRI indicated that Stephen Goins had Stage IV esophageal cancer that had metastasized to his spine.

36.     After excruciating pain, countless delays in treatment and therapy, numerous hospitalizations and frequent clinical appointments, Stephen Ray Goins succumbed to his disease.

37.     Stephen Ray Goins' chance of survival would have been significantly better if the diagnosis of esophageal cancer would have been made earlier and if all modalities of therapy available would have been employed.

38.     As a direct and proximate cause of the negligence of the Defendants herein, Stephen Ray Goins, Deceased, sustained substantial, fatal injuries, injuries/damages/loss, both economic and non-economic, including pain and suffering, emotional stress and loss of comfort, society and support, all of which ultimately culminated in his death on September 2, 2014.  As a direct consequence of the negligence of the Defendants, which is thoroughly outlined and documented in the Standard Form 95s attached hereto, Stephen Ray Goins experienced an unnecessary and extraordinary amount of pain and suffering over a prolonged period of time, drastically reducing his quality of life the year leading up to his death.  He required frequent travel for hospitalizations and treatments, travel for which he incurred costs and expenses, aid and assistance in activities of daily living, and he accumulated an excessive amount of hospital bills for medical costs/charges/care.

39.     Directly after the first surgery was performed in April of 2011, had Dr.

Oakhill properly diagnosed, treated, followed and cared for Stephen Ray Goins, Stephen would, more likely than not, still be alive today and, more likely than not, would not have died from cancer in September of 2014.

## VI.

### CAUSES OF ACTION

#### A.    MEDICAL NEGLIGENCE

40.    The Plaintiff incorporates by reference the preceding paragraphs as if they were fully set forth herein.

41.    The Defendants failed to possess and/or apply the degree of skill and learning ordinarily possessed and used by members of their respective professions in good standing engaged in the same type of service or specialty in the location they practiced, or a similar location, while rendering service to Stephen Ray Goins on or about April 4, 2011 up to and through the date he was informed that he once again had esophageal cancer, on October 25, 2013. Between April of 2011 and October 25, 2013 he was continuous and consistently treated by the Defendants, and provided check-ups, scans and "surveillance". It was not until the Decedent was diagnosed with cancer that he learned of Defendants' potential medical negligence.

42.    The Defendants were negligent and their treatment of Stephen Ray Goins fell below the applicable standard of care used by members of their respective professions in good standing engaged in the same type of service or specialty in the location they practiced, or a similar location. As a direct and proximate cause of the negligence of the Defendants, Stephen Ray Goins died needlessly.

43.    In addition to all other acts of negligence, fault or breach of contract and/or any failure to perform a contractual duty, as alleged herein, Defendants are jointly and severally liable for negligent acts that include, but are not limited to:

a)    In failing to properly treat and manage the condition of the Decedent;

b)    In failing to take the proper steps in determining the true nature of Stephen Ray Goins' condition;

c)    In failing to use the pertinent skills and knowledge expected of physicians, nurses, hospitals, medical clinics, and other healthcare personnel, under like circumstances;

d)    In failing to properly attend, inspect, evaluate, and treat the Stephen Ray Goins;

e)    In failing to use reasonable care under the existing circumstances for the attendant examination, evaluation, and treatment of the Stephen Ray Goins;

f)    In failing to use diligence to ascertain all available facts and reports and collect data essential for the proper diagnosis and treatment of Stephen Ray Goins;

g)    In otherwise failing to act as a reasonable, prudent, and competent physician, nurse, clinic, and other healthcare personnel under like or similar circumstances in Fayetteville, Washington County, Arkansas, or in similar locality.

h)    In failing to perform its obligations, responsibilities and/or duties as a "management company/entity" (as described herein), or an entity obligated by law or contract to properly supervise, train, test, evaluate or, if necessary, discipline or demote the personnel providing care and treatment to Stephen Ray Goins; and

i)    In otherwise failing to act as a reasonable, prudent and competent nurse, medical facility, healthcare provider and other healthcare personnel or "management company" (as described

herein) under like or similar circumstances in Fayetteville, Washington County, Arkansas, or in a similar location.

44.    Each of these acts/omissions was a direct and proximate cause of Stephen Ray Goins' death and Plaintiff's damages herein.

## B.    WRONGFUL DEATH
### (Ark. Code Ann. §16-62-101 *et seq.*)

45.    The Plaintiff incorporates by reference the preceding paragraphs as if they were fully set forth herein.

46.    The Defendants' negligence, and/or fault, coupled with that of their agents, employees, and others working under their direction and control or in conjunction with them, including the above-named John Doe Defendants, jointly and severally, was a proximate cause of the death of Stephen Ray Goins and the Estate's injuries herein alleged.

47.    As a result of the negligence of the Defendants and others heretofore described, Stephen Ray Goins, and Stephen's Estate, suffered before his untimely death the following damages, among others:

    a)    Conscious and excruciating pain and suffering;

    b)    Medical/nursing/care-taking expenses related to this fatal illness;

    c)    Lost earning, profits, salary, and working time prior to his death;

    d)    Loss of life; and

    e)    All other damages available under Arkansas and Federal law, both statutorily defined and those recognized as common law.

48.    The damages sustained by Stephen Ray Goins and his Estate as a result of the negligence of the Defendants, and others described herein, were proximately caused by the negligence/fault described herein of the Defendants, jointly and severally.  All damages are further spelled out in *Exhibits E* and *F*, attached hereto, and are re-asserted herein, by reference, in accordance with Rule 10(c) of the Federal Rules of Civil Procedure.

## C.    WRONGFUL DEATH ACTION

49.    The Plaintiff incorporates by reference the preceding paragraphs as if they were fully set forth herein.

50.    The Defendants failed to properly, timely and accurately diagnose the true nature of the Decedent's condition following the Decedent's initial surgery to remove the adenocarcinoma lodged in his esophagus.  As a result, the Defendants failed to properly, accurately, timely and sufficiently treat Stephen Ray Goins' cancer through the use of chemotherapy and radiation which was the direct and proximate cause of his death on September 2, 2014.

51.    The Defendants' acts of negligence and fault as alleged herein, coupled with that of their agents, employees and others working under their discretion and control or in conjunction with them to care for and treat Stephen Ray Goins, jointly and severally, were a proximate cause of the injuries and damages alleged herein, and for which Stephen Ray Goins, Deceased, and his Estate, are entitled to recover.

52.    The damages for which the Plaintiff is entitled to recover specifically

include, but are not limited to:

    a)    Pecuniary injuries sustained by Jeremy Ray Goins, Michael Goins, Darrell Goins, Mary Goins, Bryan Goins, Keith Goins, and Gary Goins;

    b)    Mental anguish suffered, and reasonably probable to be suffered in the future by Jeremy Ray Goins, Michael Goins, Darrell Goins, Mary Goins, Bryan Goins, Keith Goins, and Gary Goins; and

    c)    Damages for the value of the loss of Stephen Ray Goins' life.

### G.    PRINCIPAL/AGENT RELATIONSHIP and/or NEGLIGENT SUPERVISION OF INDEPENDENT CONTRACTORS

53.    The Plaintiff incorporates by reference the preceding paragraphs as if they were fully set forth herein.

54.    At all times pertinent hereto, Highlands Oncology Group, P.A. held itself out to the public as a clinic capable of providing the proper medical/nursing/healthcare for patients such as Stephen Ray Goins, a proper and adequate medical/nursing/healthcare support staff for patients like Stephen and proper patient care in a manner that met the applicable standard of care.

55.    The doctors, nurses and other healthcare support staff at Highlands Oncology Group were at all times pertinent hereto employees of, or working under the control and direction of, Highlands Oncology Group and the individually named Defendants herein.  As such, any such negligence on their part is imputed to said Defendants and said individuals/entities are vicariously liable/responsible for same.  In the alternative, and only if it is determined that said individuals were independent contractors, or not working under the direction and control of said Defendants, or were

not employees or agents of said Defendants, then the Defendants are responsible for negligent hiring and negligently failing to supervise, train and control said individuals when it knew or should have known that the conduct of said individuals would have a direct and substantial bearing on the ultimate condition/outcome of Stephen Ray Goins.

56. At all times material hereto, Gregory J. Oakhill, M.D. was acting, not only in his individual capacity, but also as an agent, representative and/or employee of Highlands Oncology Group, P.A. and acting within the scope of such agency/employment. Under the doctrines of agency and *respondeat superior*, Gregory J. Oakhill, M.D. and Highlands Oncology Group are jointly and severally liable for the acts and omissions of Gregory J. Oakhill, M.D.

57. At all times material hereto, Gregory J. Oakhill, M.D. was acting, not only in his individual capacity, but also as an agent, representative and/or employee of Gregory J. Oakhill, M.D., P.A. and acting within the scope of such agency/employment. Under the doctrines of agency and *respondeat superior*, Gregory J. Oakhill, M.D. and Gregory J. Oakhill, M.D., P.A. are jointly and severally liable for the acts and omissions of Gregory J. Oakhill, M.D.

58. At all times pertinent hereto, VAMC and/or CAVHS held itself out to the public as a hospital(s) capable of providing the proper medical/nursing/healthcare for patients such as Stephen Ray Goins, a proper and adequate medical/nursing/healthcare support staff for patients like Stephen and proper patient care in a manner that met the applicable standard of care.

59. The doctors, nurses and other healthcare support staff at VAMC and/or

CAVHS were at all times pertinent hereto employees of, or working under the control and direction of the USA, VAMC and/or CAVHS and the individually named Defendants herein. As such, any such negligence on their part is imputed to said Defendants and said individuals/entities are vicariously liable/responsible for same. In the alternative, and only if it is determined that said individuals were independent contractors, or not working under the direction and control of said Defendants, or were not employees or agents of said Defendants, then the Defendants are responsible for negligent hiring and negligently failing to supervise, train and control said individuals when it knew or should have known that the conduct of said individuals would have a direct and substantial bearing on the ultimate condition/outcome of Stephen Ray Goins.

60.     At all times material hereto, Gregory J. Oakhill, M.D. was acting, not only in his individual capacity, but also as an agent, representative and/or employee of VAMC and acting within the scope of such agency/employment. Under the doctrines of agency and *respondeat superior*, Gregory J. Oakhill, M.D., the USA and VAMC are jointly and severally liable for the acts and omissions of Gregory J. Oakhill, M.D.

## VII.

## <u>DAMAGES</u>

61.     The Plaintiff incorporates by reference the preceding paragraphs as if they were fully set forth herein.

62.     As a result of the aforementioned acts of negligence spelled out herein above, Stephen Ray Goins and his Estate suffered the consequences of the acts of negligence and/or fault alleged herein.

63.    The Defendants' negligence and/or fault, jointly and severally, as alleged herein, coupled with that of their agents, employees and others working under their direction and control or in conjunction with them, including the above-named John Doe Defendants, were a proximate cause of the injuries herein alleged.   As a result of negligence/fault and/or breaches of contract alleged herein and perpetrated by the Defendants and others heretofore described, and in addition to all other damages to which the Plaintiff has pled, and is entitled to recover, the Plaintiff, the Estate of Stephen Ray Goins and his family/wrongful death beneficiaries suffered the following damages, among others:

    a)    Past, present, and future mental anguish, emotional pain and suffering;

    b)    Loss of a husband, father and son;

    c)    Loss of Stephen Ray Goins' services, affection, and company;

    d)    Disorientation of the family atmosphere and pain and emotional suffering because of same;

    e)    Medical/nursing/healthcare expenses hospital/facilities and physicians;

    f)    Loss of instruction, moral training, and supervision of education and otherwise that Stephen Ray Goins might have reasonably given his children had he lived;

    g)    Funeral and burial expenses incurred as the result of the unnecessary and untimely death of Stephen Ray Goins;

    h)    Pecuniary loss any wrongful death beneficiary has or will suffer as a result of the death of Stephen Ray Goins.

    i)    All losses and damages directly flowing from, and as a

proximate cause of, the Defendants' failure to fulfill their contractual obligations to Stephen Ray Goins, thereby injuring him as a result of same, and all damages ancillary to same; and

j)   All other damages available under Arkansas and Federal law, both statutory and those recognized at common law, including but not limited to those codified at Ark. Code Ann. §16-62-101, *et seq.* and delineated at AMI 2216 and other applicable instructions regarding damages sustained by individuals injured due to the negligence of fault of others, or those arising out of breach of contract.

64.   The damages sustained by the Plaintiff were proximately caused by the negligence/fault described herein by the Defendants and others described herein, jointly and severally.

65.   In accordance with applicable law, the Plaintiff requests the sum of $100,000,000.00 in damages, but ultimately leaves damages to the sound discretion of the Court. Plaintiff understands that the damages she may be awarded cannot exceed the sum of $200,000,000.00, nor can the attorney's fees to be awarded if the Plaintiff is successful in pursuing this particular segment of her cause of action against the Defendants exceed 25% of the gross amount of any award, or the statutorily defined amount, or allowed, whichever is greater.

## IX.

## DEMAND FOR JURY TRIAL

66.   The Plaintiff demands a trial by jury in this matter as she is entitled to same under the United States Constitution and the Arkansas Constitution.

WHEREFORE, the Plaintiff respectfully requests that each Defendant be cited to appear and answer herein; that upon a final hearing or trial of the cause, judgment be entered for the Plaintiff against the Defendants for damages in an amount within the jurisdictional limits of the Court; post-judgment interest at the highest legal rate, costs of court; and for such further relief to which Plaintiff is justly entitled.

Respectfully submitted,

By: _____

Stephanie Ann Linam
Ark. Bar No. 2007-132
DAVIDSON LAW FIRM
724 Garland, Cantrell at State
P.O. Box 1300
Little Rock, AR 72201
Telephone:  (501) 374-9977
Facsimile:  (501) 374-5917

*ATTORNEY FOR PLAINTIFF*