IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DELLA GOINS                                                                           PLAINTIFF

v.                                CASE NO. 5:16-CV-5301

GREGORY J. OAKHILL, M.D., et al.                                DEFENDANTS

## OPINION & ORDER

Currently before the Court is the Motion for Summary Judgment (Doc. 18) filed by separate Defendants Gregory J. Oakhill, M.D.; Gregory J. Oakhill, M.D., P.A.; and Highland Oncology Group (collectively, the "Oakhill Defendants"). The Oakhill Defendants' Motion, filed on April 6, 2017, contends that Plaintiff Della Goins[1] filed this medical malpractice suit after Arkansas' two-year limitations period expired. Goins' May 4, 2017 Response (Doc. 25) argues otherwise. It asserts that Arkansas' continuous treatment doctrine operates to toll the limitations period such that her suit was timely filed. The Oakhill Defendants filed a Reply (Doc. 26) on May 5, 2017, reiterating its disagreement with Goins' position. For the reasons stated herein, the Court will **DEFER RULING** on the Oakhill Defendants' Motion, and take the Motion **UNDER ADVISEMENT**.

## I. DISCUSSION

The Court held a case management hearing on May 19, 2017, during which it took oral argument on the pending Motion. After contemplating the parties' positions, the Court announced from the bench that it intended to defer ruling on the Motion, and take the matter under advisement to allow Mrs. Goins the opportunity to conduct additional

---

[1] Goins is suing in both her individual capacity and as the administrator of the Estate of Ray Goins, deceased.

1

discovery. The Court set a 90-day discovery period, and announced that the substantive scope of discovery would be limited to events occurring on or after October 23, 2013—two years before Mrs. Goins originally filed suit in state court. Relatedly, the Court limited the scope of this discovery period to addressing the issue of whether Dr. Oakhill may be responsible for any negligence that occurred within that two-year time frame.

Following the hearing, the Court returned to chambers to review some of the pertinent case law discussed orally by the parties. That review leads the Court to alter its ruling from the bench in the following respect: The temporal scope of the 90-day discovery period shall not be limited to events occurring on or after October 23, 2013. Instead, it shall encompass the entire scope of the Oakhill Defendants' treatment of Mr. Goins, beginning on June 1, 2011. This includes any treatment administered by APNs or medical personnel that Mrs. Goins argues is attributable to the Oakhill Defendants for purposes of the continuous treatment doctrine.

The Court will briefly explain the reasoning behind this decision. In *Lane v. Lane*, 295 Ark. 671 (1988), the Arkansas Supreme Court described the continuous treatment doctrine as follows:

> If the treatment by the doctor is a continuing course and the patient's illness, injury or condition is of such a nature as to impose on the doctor a duty of continuing treatment and care, the statute does not commence running until treatment by the doctor for the particular disease or condition involved has terminated unless during treatment the patient learns or should learn of negligence, in which case the statute runs from the time of discovery, actual or constructive.

*Id.* at 673-74 (quoting 1 D. Louisell and H. Williams Wachsman, *Medical Malpractice* § 13.08 (1982)). The doctrine "becomes relevant when the medical negligence consists of a series of negligent acts, or a continuing course of improper treatment." *Id.* at 675.

2

This case presents a difficult application of the continuous treatment doctrine for several reasons, one of which is particularly pertinent to the instant ruling. To illustrate the difficulty, consider three types of medical malpractice claims. In the first, the plaintiff alleges that a doctor committed a single negligent act. As a result of the negligent act, the plaintiff remained hospitalized, under the doctor's care, for a period of 10 days. There is no allegation that the doctor acted negligently during this subsequent hospitalization. The plaintiff later files suit on a date more than two years after the single negligent act, but less than two years after his release from the hospital. *See* Ark. Code Ann. § 16-114-203 (establishing a two-year limitations period for medical injuries). On these facts, Arkansas law strongly suggests that the continuous treatment doctrine would not apply to toll the limitations period, thus dooming the plaintiff's claim. The relevant case is *Pastchol v. St. Paul Fire & Marine Insurance Co.*, 326 Ark. 140 (1996), which tracks the above hypothetical closely.[2] The Arkansas Supreme Court opined that the continuous treatment doctrine "was not designed to extend the statute of limitations period in cases where only a single, isolated act of malpractice or negligence is alleged." *Id.* at 145. And, "[t]he mere fact that the decedent remained in the hospital under a doctor's care until his death does not demonstrate a continuing course of *improper* treatment which would toll the statute of limitations . . . ." *Id.* at 148 (emphasis in original).

In the second case, the plaintiff alleges that a doctor committed an initial negligent act, then committed additional negligent acts during a subsequent course of treatment. The plaintiff later files suit more than two years after the initial negligent act, but less than

---

[2] *Pastchol* does involve some potentially distinguishing facts, but a searching analysis of that case is unnecessary for the Court's present purposes.

3

two years after the final act of negligence that occurred during the subsequent course of treatment. On this hypothetical, the continuous treatment doctrine tolls the limitations period. This was precisely the outcome in *Lane*, 295 Ark. at 671, where the Arkansas Supreme Court tolled the limitations period after a doctor-husband treated his wife's migraine headaches with regular narcotic injections over a span of nearly two decades. And, this hypothetical is materially identical to the facts in *Taylor v. Phillips*, 304 Ark. 285 (1990), where the court tolled the limitations period after the plaintiff alleged negligence during an initial surgery and six follow-up appointments that extended into the limitations period.

In the third case, the plaintiff alleges that a doctor committed an initial negligent act, then committed additional negligent acts during a subsequent course of treatment. However, this time, the plaintiff files suit: (i) more than two years after the initial negligent act, *and* (ii) more than two years after the final act of negligence that occurred during the subsequent course of treatment, *but* (iii) less than two years after the subsequent course of treatment ended. That is arguably the situation in the instant case. Adopting a perspective favorable to Mrs. Goins, she alleges that Dr. Oakhill was negligent in his initial decision to not prescribe chemotherapy and radiation, and then negligent throughout Mr. Goins' follow-up care. According to her, Dr. Oakhill's negligent course of treatment ended on October 28, 2013, when Mr. Goins was informed by another physician that his cancer had returned. *See Lane*, 295 Ark. at 673-74. This would mean that the continuous course of treatment ended *within* two years of October 23, 2015—the date on which Mrs. Goins filed suit in state court. However, the last negligent act during that course of treatment could not have occurred much past September 4, 2013—the date of Mr. Goins' last

4

relevant visit with Dr. Oakhill (or medical personnel that Mrs. Goins argues to be affiliated with him)—and thus outside of two years from October 23, 2015.

In the Court's view, whether Arkansas would apply the continuous treatment doctrine on these facts is an open question of law, with some compelling arguments on each side. The Court is accordingly inclined to afford Mrs. Goins a scope of discovery that would allow her to attempt to establish a continuous course of treatment following Mr. Goins' initial June 1, 2011 appointment with Dr. Oakhill, and extending through October 28, 2013, even if the last negligent act committed during that course of treatment occurred prior to the latter date. The Court will then take supplemental briefing to address whether Arkansas courts would recognize this application of the continuous treatment doctrine, and whether Mrs. Goins has shown facts establishing a continuous course of treatment for purposes of the doctrine.

As a final note on this matter, at the case management hearing, defense counsel cited *Hicks v. Armstrong*, 253 F.3d 1072 (8th Cir. 2001), and insinuated that it would foreclose application of the doctrine in this third hypothetical. The Court disagrees with that reading of the case. *Hicks* involved the scenario discussed in the first hypothetical above, where a plaintiff shows an isolated negligent act occurring outside of the limitations period, followed by a course of non-negligent follow-up care. *See id.* at 1075-76. At the end of its opinion, the *Hicks* Court remarked:

> Finally, we note that only the last follow-up visit Hicks made to the appellee fell within the two-year limitations period. At best for appellant, only negligence and damages arising from that visit could be actionable in any event. However, appellant has presented no facts to support any claim of negligence during that particular visit, nor any damages that would have flowed from that examination. Therefore, summary judgment for the appellee was clearly proper.

5

*Id.* at 1076-77.

Defense counsel would take this paragraph to mean that the last negligent act must occur within the two-year limitations period for the continuous treatment doctrine to apply. However, prior to this paragraph, the *Hicks* Court had already held that the continuous treatment doctrine did not apply to the plaintiff's claim. Best understood, then, this paragraph addresses the question of whether the plaintiff's claim could survive a limitations defense even without the benefit of tolling, since his last contact with the defendant-doctor occurred within the (non-tolled) limitations period. It is not relevant to the question in the instant case of whether the continuous treatment doctrine could apply to the facts of the third hypothetical posed above, since *Hicks* did not involve any negligence in the plaintiff's follow-up care.

In sum, the present posture of this case involves both material factual and legal questions that are currently unanswered, and would be premature to resolve. The Court believes that Mrs. Goins should be afforded sufficient latitude during discovery to address both categories of questions.

## II. CONCLUSION

**IT IS THEREFORE ORDERED** that the Court will **DEFER RULING** on the Oakhill Defendants' Motion for Summary Judgment (Doc. 18), and take that Motion **UNDER ADVISEMENT**. Mrs. Goins shall have a 90-day discovery period, beginning on this date. The substantive scope of discovery shall be consistent with this Order. Following the close of this 90-day discovery period, Mrs. Goins shall have **14 DAYS** to file a supplemental response to the Oakhill Defendants' Motion. The Oakhill Defendants shall have **14 DAYS** thereafter to file a supplemental reply.

**IT IS SO ORDERED** on this 27th day of May, 2017.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE